**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

───────────────────────────────

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

       v.                      03-CR-140A(Sr)

**PETER HALAS, III[1],**

       **Defendant.**

───────────────────────────────

### DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

---

[1] There is a great deal of confusion in the record in this case in that there are numerous references to a "Peter Halas III," "Peter Halas, Jr.," "Peter Halas" and "Nicholas Peter Halas." It is this Court's understanding that two male individuals by the name of "Halas" have been charged in different indictments and that one is the father and the other is the son. To add to this confusion, it appears that references made to "Peter Halas III" and "Peter Halas, Jr." are references to the same individual and that individual is the father. Apparently "Nicholas Peter Halas" is the son. Why the father should be referenced as a "Jr." or the "III" is a complete mystery to this Court. In any event, this Court will treat all references to "Peter Halas III," "Peter Halas, Jr." and "Peter Halas" as being references to the same person, to wit, the father, who is the named defendant in this superseding indictment.

**PRELIMINARY STATEMENT**

The defendant has filed an omnibus discovery motion wherein and whereby he seeks various information and materials. (Docket #26). He has also filed a supplemental motion (Docket #35) wherein he seeks additional information relating to the application for an intercept order dated November 8, 2002. (Docket #35, Exhibit A attached thereto). The defendant also requests a *Franks* Hearing (*Franks v. Delaware*, 438 U.S. 154) with respect to the affidavit of S.A. Kadan, sworn to November 8, 2002 (Docket #35, Exhibit A attached thereto) which was utilized to support the application for an intercept order submitted to Judge Milton Pollack of the Southern District of New York. By letter dated April 25, 2005, counsel for the defendant has advised this Court that counsel for the government "has provided [him] with various discovery and there is no need to further argue any discovery motions relative [to the superseding indictment herein]." As a result, this Court considers defendant's request for discovery materials as well as information to be moot and therefore his omnibus motion in that respect is hereby DENIED on the basis that it is moot. However, this Court will consider defendant's request for a *Franks* hearing as being viable since it relates to the affidavit of S.A. Kadan, sworn to November 8, 2002, which was submitted in support of an application for an interception order to the Hon. Milton Pollack of the Southern District of New York on November 8, 2002 and wherein the defendant was named as a target-subject. The November 8, 2002 intercept order was also utilized in support of applications for and the issuance of intercept orders issued by the Hon. William M.

-2-

Skretny on March 4, 2003, April 2, 2003, May 14, 2003, May 30, 2003, June 23, 2003 and by the Hon. John T. Elfvin dated May 1, 2003.

The defendant has also requested "that this Court allow him to reserve his right to make any other motions which may be necessary under the circumstances once the government has responded to [his motion for a *Franks* Hearing]." (Docket #35, ¶ 66).

In a separate Report, Recommendation and Order dated July 21, 2005, this Court found that there was probable cause for the issuance of the November 8, 2002 order of Judge Pollack as well as a legitimate necessity for the use of an intercept order as an investigative tool and, therefore, recommended that defendant's motion to controvert that order and the subsequent orders of Judges Skretny and Elfvin and suppression of evidence obtained therefrom be denied.

## **DISCUSSION AND ANALYSIS**

In support of his request for a *Franks* hearing, the defendant alleges as follows:

> In the instant case, the government has maintained that it would be unavailing for agents to develop confidential sources, to conduct surveillance, or to use other available means of investigation. [T]hose assertions are, at best, misleading or, at worst, wrong.  As such, it is respectfully requested that this Court conduct a hearing to determine whether and under what circumstances the information contained in the applications amounted to deliberate or

reckless use of false statements.

Docket #26, ¶ 89.

In *Franks v. Delaware*, the United States Supreme Court set forth the following standards for challenging an affidavit supporting a search warrant:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. . . . Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.

438 U.S. 154, 171-72 (1978) (footnote omitted).

The fact that we are addressing issues relating to an interception order rather than the standard search warrant is of no legal consequence, for as the Court of Appeals for the Second Circuit has stated, "the standard for probable cause applicable to [18 U.S.C.] § 2518 is the same as the standard for a regular search warrant." *United States v. Diaz,* 176 F.3d 52, 109 (2d Cir.), *cert. denied by Rivera v. United States*, 528 U.S. 875 (1999).

In the instant case, the defendant has done nothing more than put forth conclusory allegations of possible wrongdoing by S.A. Kadan and simply seeks to establish those claims by means of cross-examination in a hearing.  He has failed to set forth specific allegations of deliberate falsehood or reckless disregard for the truth by S.A. Kadan and has failed to submit an offer of proof in that regard.  Therefore, his request for a *Franks* Hearing is hereby DENIED.

Defendant's request to reserve his right to file additional motions is hereby GRANTED subject to the limitation set forth in the aforesaid quote relating to said motion; and it is hereby

**ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v.*

*Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and decision to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

S/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

**DATED:    Buffalo, New York**
**July 21, 2005**